UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61010-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

RUFUS STANCLE,                          :

     Petitioner,                      :

v.                                      :        REPORT OF
                                                 MAGISTRATE JUDGE
WALTER A. McNEIL,                       :

     Respondent.                      :
_____

## I. Introduction

Rufus Stancle, a state prisoner confined at Everglades Correctional Institution at Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his convictions entered in Case No. 00-16969 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting appendix, the Court has the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply with supporting appendix.

## II. Claims

Stancle raises the following grounds for relief in his petition:

1.   His due process rights were violated when the prosecutor implied that he had a duty to prove his innocence.

2.   He received ineffective assistance of trial counsel, because his lawyer failed to (a) move to suppress his pretrial statements on the basis that the *Miranda*[1]-rights waiver form was deficient, (b) object to the stipulation of habitual offender sentencing without comprehensive notice, and (c) adequately argue for judgment of acquittal as to the charges.

3.   He received ineffective assistance of trial counsel, because his lawyer failed to seek the suppression of the firearm.

4.   He was denied his fundamental due process right to have counsel present during interrogation.

III. Procedural History

Stancle was convicted after jury trial of the offenses of possession of a firearm by a convicted felon and carrying a concealed firearm. (DE# 12; Ex. 5). He was sentenced as an habitual felony offender to a total term of imprisonment of fifteen years with a three-year mandatory minimum term. Id. Stancle prosecuted a direct appeal from his convictions, raising the following claim: "The court erred in denying the motion for mistrial, and in overruling objection, due to the argument of the prosecutor that implied [Stancle] had a duty to carry a burden of proof or persuasion to prove his innocence?" (DE# 12; Ex. 7). The Florida Fourth District Court of Appeal affirmed the convictions and sentences in a written opinion. (DE# 12; Ex. 9). See also Stancle v. State, 854 So.2d 228 (Fla. 4 DCA 2003). Stancle's motion for rehearing was denied. (DE# 12; Ex. 10, 11).

Approximately, one year later, Stancle returned to the trial court, filing a pro se motion for post conviction relief pursuant

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

to <u>Fla.R.Crim.P</u>. 3.850, challenging his convictions on the grounds presented here with the exception of ground three. (DE# 12; Ex. 13). The state filed a response with attached exhibits, arguing that Stancle was not entitled to postconviction relief in that his ineffective assistance of trial counsel claims were meritless pursuant to the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). (DE# 12; Ex. 15). The state further argued that Stancle was not entitled to review on the merits of the claim raised here as ground four in that it was procedurally barred from postconviction review. <u>Id</u>. The trial court summarily denied Stancle's motion for the reasons stated in the state's response. (DE# 12; Ex. 15, 16).

Stancle took an appeal from the trial court's ruling and, in a written opinion, the Florida Fourth District Court of Appeal affirmed the trial court's summary denial of the motion as to all claims except the ground that trial counsel rendered ineffective assistance when he failed to file a motion to suppress Stancle's statement made to the police after his arrest on the basis that the <i>Miranda</i>-warnings were defective. (DE# 12; Ex. 21). <u>See also</u> <u>Stancle v. State</u>, 917 So.2d 911 (Fla. 4 DCA 2005). Finding the subject claim raised by Stancle to be legally sufficient for a motion for post-conviction relief, the appellate court reversed the summary denial and remanded the case to the trial court for attachment of the portions of the record refuting Stancle's claim that defense counsel was ineffective for failing to raise the issue of the adequacy of the <i>Miranda</i> warnings in a motion to suppress Stancle's confession, or to hold an evidentiary hearing to determine Stancle's claim. <u>Id</u>. at 913.

After the appellate court denied the state's motions for rehearing, rehearing <i>en banc</i>, and certification of question of

great public importance (DE# 12; Ex. 22-27), the case returned to the trial court. The trial court conducted extensive evidentiary proceedings on the subject issue where Stancle was represented by appointed counsel. (DE# 12; Ex. 44). Following the hearing, and briefing by Stancle and the state, the trial court again denied postconviction relief. (DE# 12; Ex. 34). The trial court found that trial counsel had not rendered ineffective assistance of counsel pursuant to the applicable *Strickland*-standard. <u>Id</u>. Represented by counsel, Stancle took an appeal from the trial court's ruling. (DE# 12; Ex. 35, 36). In a written opinion, the Florida Fourth District Court of Appeal affirmed the denial of relief. (DE# 12; Ex. 39). <u>See also</u> <u>Stancle v. State</u>, 980 So.2d 619 (Fla. 4 DCA 2008). Soon after the conclusion of all state court proceedings, Stancle came to this court, filing the instant <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## IV. <u>Threshold Issues - Timeliness, Exhaustion and Procedural Bar</u>

In his response to the order to show cause, the respondent rightfully concedes that the instant petition has been timely filed. <u>See</u> 28 U.S.C. §2244(d). The respondent asserts, however, that Petitioner is not entitled to federal habeas corpus review on the merits of certain claims raised in this proceeding. Specifically, the respondent maintains that claims one and three are unexhausted and prospectively procedurally barred, because they were not raised at all in the state courts or they were not raised in federal constitutional terms before the state courts. <u>See</u> 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the

State....").[2] The respondent further asserts that claim four is subject to an express procedural bar, because the state courts have applied a procedural bar. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).[3] These procedural defenses will be addressed below in conjunction with the discussion on the specific claims.

## V. Standard of Review

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). Under AEDPA's "highly deferential" standard of review, Parker v. Sec. Dept. of Corrections, 331 F.3d 764, 768 (11 Cir. 2003), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication

(1) resulted in a decision that was contrary to, or involved

_____

[2]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

[3]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United States;
> or (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. §2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)(majority opinion by O'Connor, J.).

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(*quoting* <u>Early v. Packer</u>, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. See <u>Wright v. Sec. of Dep't of Corr</u>., 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (April 21, 2008).

## VI. <u>Facts</u>

The facts of this case have been aptly summarized by the Florida Fourth District Court of Appeal in its written opinion on

6

direct appeal where the court stated as follows:

> The state's primary witness, Officer Kelley, testified that he pulled up behind Stancle and another man walking in a residential neighborhood around 3:30 in the morning. The men turned and looked at the officer before Stancle walked around the side of a building. The officer followed Stancle and saw him reach his hand in the area of his waistband, pull out a dark object, drop it on the ground, and walk away. Officer Kelley then asked him to come to the police car and, after a back-up deputy arrived, walked over to the place where he saw Stancle drop the object. Kelley did not have to look around for it; he simply walked directly to where it was dropped and picked up a gun.[4]
>
> Stancle, who admitted to three prior felony convictions, testified to a very different account of the events. He denied he was with another man and said he was not walking away from the officer but toward another friend who had called him. He denied ever walking near the building from where the gun was retrieved. He said that Officer Kelley told him that if anything was found near the building, it belonged to him and that Officer Kelley left Stancle standing at the car, alone, while he searched the area, but the officer returned when the back-up officer arrived. Officer Kelley then searched the area a second time and returned with a gun.[5] A defense witness, Cassandra Johnson, corroborated Stancle's version of the events. A portion of her testimony, however, was impeached by inconsistent statements in her deposition.[6]

Stancle, 854 So.2d at 228-29.

## VII. Discussion

### A. Prosecutorial Misconduct

Stancle alleges in ground one that his due process rights were violated when the prosecutor implied that he had a duty to prove his innocence. He is essentially claiming that his convictions are the result of prosecutorial misconduct in the form of improper comments made during closing argument. During the direct appeal

---

[4] See Trial Transcript at 17-64. (DE# 12; Ex. 42).

[5] See Trial Transcript at 98-118. (DE# 12; Ex. 15, 42).

[6] See Trial Transcript at 79-97. (DE# 12; Ex. 42).

proceeding, where the identical issue was raised and rejected as meritless, the Florida appellate court stated as follows:

> The state's case, and the closing argument, rested on the credibility of Officer Kelley. In the state's rebuttal argument, the prosecutor made the following argument, which is the sole basis for the issue on appeal:
>
>> Use your common sense. What was that gun doing there if it wasn't dropped by Rufus Stancle? Just laying out there for [the] next guy to come around, pick it up? What was it doing there? Is there any evidence to tell you anything other than it was there because Rufus Stancle dropped it?[7]
>
> The prosecutor's comment was in response to Stancle's testimony and the defense argument that:
>
>> The prosecutor will not be able to show you any physical evidence that Rufus Stancle actually handheld this gun, that he possessed it. His fingerprints are not going to be on that gun, ladies and gentlemen.... The only person who prosecutor will be able to put on the stand to say that Rufus Stancle dropped a gun, that Rufus Stancle made the statements, is one police officer, Officer Kelley. You will have the opportunity to judge his credibility. You will have the opportunity to tell if he is telling you the truth. Don't forget throughout entire trial that burden lies entirely with the prosecutor. Entirely with Mr. Grosz. And he has to prove it to you beyond every reasonable doubt.[8]
>
> Defense counsel also asserted that Officer Kelley's testimony was unreasonable, laughable, absurd, and directed the jury to use their common sense.[9]

Stancle v. State, 854 So.2d at 229.

Respondent first asserts that this claim is unexhausted and procedurally barred because Petitioner failed to argue the federal

---

[7] See Trial Transcript at 152. (DE# 12; Ex. 42).

[8] See Trial Transcript at 16-7. (DE# 12; Ex. 42).

[9] See e.g., Trial Transcript at 12-7, 142-44, 146-49. (DE# 12; Ex. 42).

dimension of his prosecutorial misconduct claim in state court and he cannot now return to state court to do so. See Respondent's Response to Order to Show Cause at 9-11. (DE# 11). It is beyond dispute that to properly exhaust claims in the state courts, the prisoner must alert that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29-30 (2004); Duncan v. Henry, 513 U.S. 364, 365-66 (1995). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. See Duncan v. Henry, 513 U.S. at 366 (noting petitioner's failure to apprise state courts that evidentiary challenge was based in part on federal due process concerns was insufficient to exhaust §2254 due process claim; further noting mere similarity of claims was insufficient). See also McNair v. Campbell, 416 F.3d 1291, 1302 (11 Cir. 2005)(holding that petitioner must "fairly present his federal constitutional claim to the state court" and do more than "scatter some makeshift needles in the haystack" to do so)(citations omitted), cert. denied, 547 U.S. 1073 (2006). Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

Review of Petitioner's brief on direct appeal reveals that he in fact relied upon federal constitutional law principles and United States Supreme Court cases to support his argument. See Initial Brief of Appellant at 10-1. (DE# 12; Ex. 7). The state did so as well. See Answer Brief of Appellee at 7. (DE# 12; Ex. 8). The respondent's procedural defenses are therefore meritless as to this claim. The fact that the Florida appellate court did not cite any federal cases in its written opinion addressing Stancle's issue on direct appeal, see Stancle v. State, 854 So.2d 228 (Fla. 4 DCA

2003), has no bearing on the applicability of such procedural defenses in this case. Consequently, Stancle is entitled to federal habeas corpus review of his prosecutorial misconduct claim.

The purpose of closing argument is to explain to the jury what it has to decide and what evidence is relevant to its decision. See United States v. Iglesias, 915 F.2d 1524, 1529 (11 Cir. 1990). Closing argument is intended to assist the jury in analyzing, evaluating and applying the evidence. United States v. Johns, 734 F.2d 657, 663 (11 Cir. 1984). The jury's decision is to be based upon the evidence presented at trial and the legal instructions given by the court. See Chandler v. Florida, 449 U.S. 560, 574 (1981)("Trial courts must be especially vigilant to guard against any impairment of the defendant's right to a verdict based solely upon the evidence and the relevant law.") See also Ward v. State, 765 So. 2d 299, 300 (Fla. 5 DCA 2000)("most of the prosecutor's comments were 'fair comment' on the defense counsel's closing argument"); Laboo v. State, 715 So. 2d 1034, 1035 (Fla. 1 DCA 1998)(prosecutor's comments to be viewed in context of all the evidence presented and the initial arguments of defense counsel).

In considering a claim that the prosecutor's comments to the jury during closing argument violated the petitioner's right to a fair trial, federal habeas corpus review is "the narrow one of due process, and not the broad exercise of supervisory power." Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974); Romaine v. Head, 253 F.3d 1349, 1366 (11 Cir. 2001)(citing Brooks v. Kemp, 762 F.2d 1383, 1403 (11 Cir. 1985)(en banc)("A permissible argument, no matter how 'prejudicial' or 'persuasive,' can never be unconstitutional.", vacated on other grounds, 478 U.S. 1016 (1986), reinstated, 809 F.2d 700 (1987)(en banc)). While a prosecutor may not go beyond the evidence before the jury, he is not limited to a

bare recitation of the facts; he may comment on the evidence, and state his contention as to the conclusions the jury should draw from the evidence. United States v. Johns, 734 F.2d at 663. To amount to a constitutional violation, the prosecutor's remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 at 644. In assessing whether the fundamental fairness of the trial has been compromised, the totality of the circumstances are to be considered in the context of the entire trial, Hance v. Zant, 696 F.2d 940 (11 Cir.), cert. denied, 463 U.S. 1210 (1983); and "[s]uch a determination depends on whether there is a reasonable probability that, in the absence of the improper remarks, the outcome of the trial would have been different." Williams v. Weldon, 826 F.2d 1018, 1023 (11 Cir.), cert. denied, 485 U.S. 964 (1988). Federal case law regarding closing argument is the same as Florida law, see e.g., Darden v. Wainwright, 477 U.S. 168, 179-183 (1986)(quoting Donnelly, 416 U.S. at 643).

The prosecutor's argument in the instant case, viewed in light of the trial as a whole, did not result in a fundamentally unfair proceeding, as properly determined by the state appellate court as follows:

> Here, we deem the prosecutor's response as a permissible comment on the evidence and a fair reply to the defense implication that Officer Kelley planted the gun. (citations omitted).
>
> A prosecutor's argument should be examined in the context in which it is made. (citations omitted). This is particularly so where invited by the nature of the defense. (citations omitted).
>
> The trial court did not abuse its discretion in recognizing the prosecutor's statement as a "common sense" argument in response to Stancle's and his witness' testimony challenging the testimony of the officer. The state fairly interpreted the defense as implying that the officer had planted the gun and,

> in response, the prosecutor was asking the jury to look at the facts, arguing that the evidence did not support such a conclusion. In the context of the entirety of the arguments, we do not read into the comment the suggestion that Stancle had a burden to prove his innocence. Rather, the prosecutor's argument was simply pointing out that it was not reasonable to believe that a gun just happened to be lying on the ground in the same place that the officer saw Stancle drop the object.

Stancle, 854 So.2d at 229-30.

Contrary to Stancle's assertion, the now-challenged remarks did not mislead the jury as to the burden of proof and/or in any way shift the burden of proof to Stancle, which is clearly improperly under both federal and state law principles. See e.g., Duncan v. Stynchcombe, 704 F.2d 1213, 1215-16 (11 Cir. 1983); United States v. Downs, 615 F.2d 677, 679 (5 Cir.1980); Jackson v. State, 575 So.2d 181 (Fla. 1991)(when arguing to the jury, the State may not make comments that mislead the jury as to the burden of proof); Atkins v. State, 878 So.2d 460 (Fla. 3 DCA 2004)(state improperly shifted the burden of proof when it implied that the defendant needed to prove that the victim was lying in order to receive acquittal); Northard v. State, 675 So.2d 652, 653 (Fla. 4 DCA 1996)(prosecutor's argument was impermissible because it asked the jury to determine who was lying as the proper test of determining guilt).

The now-objected to comments made during closing argument were made in direct response to the defense presented that Officer Kelley was not a credible witness and his testimony was unreliable and not truthful. It was not only the prosecutor who had invited the jury to apply common sense, the defense did so as well. Additionally, the remarks were designed to refer the jury to evidence in the case that was favorable to the state. That is, the prosecutor's argument, while possibly inartfully stated, simply

pointed out that it was unreasonable to believe that a gun just coincidentally happened to be lying on the ground in the same area where Stancle had been just moments before. It is clear from the context of the argument that the prosecutor was not calling upon the defense to prove anything.


Nor did the comments amount to an explicit, personal guarantee of credibility of the state's witness, Officer Kelley, such as assuring the jury that the prosecution would not have brought the case unless the defendant was actually guilty or improper bolstering. The prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case; rather, it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury. United States v. Hernandez, 921 F.2d 1569, 1573 (11 Cir. 1991)(prohibition against vouching does not forbid prosecutors from arguing credibility based on evidence presented to the jury); United States v. Fuentes, 877 F.2d 895, 900-901 (11 Cir. 1989)(prosecutor did not impermissibly vouch for government witness in closing argument by commenting that witness' testimony was very forthright, was very honest, and was the truth, where in context the prosecutor was arguing credibility of witness based on evidence in record). See also Garrette v. State, 501 So.2d 1376, 1379 (Fla. 1 DCA 1987)(holding that prosecutor may not properly argue that police officer must be believed simply because she is police officer, or that other witnesses called by state should be believed because prosecutor would not have called his witnesses to stand if he could not vouch for their credibility).


In this case, the state merely did its job by arguing that the evidence supported the state's theory, not the defense's theory,

13

and urging the jury to believe the state witness' testimony. <u>See</u> <u>e.g.</u>, <u>United States v. Granville</u>, 716 F.2d 819, 822 (11 Cir. 1983)(finding no prosecutorial misconduct where prosecutor, in effort to support testimony of two government witnesses, only pointed to matters in evidence, the demeanor of one witness and testimony of support witnesses, as well as a tape recording corroborating the testimony of another); <u>United States v. Johns</u>, 734 F.2d at 663 (noting that the State may present its "contention as to the conclusions the jury should draw from the evidence"). <u>See also</u> <u>Davis v. Singletary</u>, 853 F.Supp. 1492, 1560 (M.D.Fla. 1994), *aff'd*, 119 F.3d 1471 (1997), *cert*. *denied*, 523 U.S. 1141(1998)(finding that "[i]n response to an attack on the government and the conduct of its case, a prosecutor may present what even amounts to a bolstering argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon the government or its witnesses.")(citation omitted).

It is also important to note that there is no indication whatever that the prosecutor made any or all of the subject comments in a deliberate attempt to distract the jury from the issue of Stancle's guilt or mislead the jurors as to issues of guilt or innocence. While recognizing that this case essentially consisted of the conflicting testimony of Stancle and Officer Kelly, after viewing the prosecutor's argument in light of the trial as a whole, these arguments did not so invade the province of the jury to render the trial fundamentally unfair, requiring a new trial. <u>See</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. at 643. There was strong evidence against the petitioner, which included Stancle's own inculpatory statements that he possessed the firearm for his

own protection, which were admitted into evidence at the trial.[10]
<u>See</u> Trial Transcript at 33.

This Court also points out that any potential prejudice was diminished by the trial court's clear and correct instructions to the jury regarding the burden of proof, the reliability of evidence, and the presumption of innocence. The court further instructed the jury that it could believe or disbelieve all or any part of the evidence presented or the testimony of any witness. The court repeated throughout the trial that what the lawyers said during opening statement and closing argument was not evidence in the case and should not be considered as such, and that the case must be decided only upon the evidence presented at trial. <u>See</u> Trial Transcript at 8-13. (DE# 41). <u>See also</u> Trial Transcript at 6--7, 157-60, 161, (DE# 42). It is generally presumed that jurors follow their instructions. <u>See, e.g.</u>, <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987). Because there is no indication that the prosecutor's actions contributed to the verdict in this case, Stancle is not entitled to relief on this claim. <u>See Harris v.</u>

---

[10]Specifically, Officer Kelly testified at trial that Stancle agreed to talk to him and:

> I asked him what he was doing in the area. He said he was in the area to gamble. I asked him why he had the gun. He stated that he had the gun for his protection.

(Trial Transcript at 33)(DE# 12; Ex. 42). Further, Officer Kelly stated as follows in the Offense Incident Report executed that day following the incident:

> Upon arrival at the jail, I read Stancle his Miranda warnings with Officer Roper present. Stancle stated that he understood and agreed to answer my questions. Stancle stated that he was in the area of the 1000 Block of Northwest 2 Street to gamble. He admitted to having the gun, stating that it was for his protection. Stancle asked that I give him a break. He stated that he was on parole for murder and stated that if he got arrested for the gun he would die in jail....

(Offense Incident Report)(Exhibit D to Appendix to Initial Brief; DE# 12; Ex. 18).

Moore, 1999 WL 223167, *4 (M.D.Fla. 1999).

Accordingly, the state appellate court's rejection on direct appeal of Stancle's claim regarding the prosecutor's remarks made during closing argument was factually reasonable and in accordance with applicable federal principles, and its result should not be disturbed. 28 U.S.C.§2254(d)(1); Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

### B. Ineffective Assistance of Trial Counsel

Stancle claims that he received ineffective assistance of trial counsel for several enumerated reasons. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result.[11] Strickland v. Washington, 466 U.S. 668 (1984). For the reasons stated immediately below, the trial court's determinations that Stancle was not entitled to postconviction relief on his claims of ineffective assistance of trial counsel, which decisions were affirmed on appeal, see Stancle v. State, 917 So.2d 911 (Fla. 4 DCA 2005); Stancle v. State, 980 So.2d 619 (Fla. 4 DCA 2008), was not in conflict with clearly

---

[11]When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11 Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. denied, 537 U.S. 812 (2002), quoting, Strickland v. Washington, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698.

established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

(1) <u>*Miranda*-violation</u>

Stancle claims in ground two that his lawyer improperly failed to move to suppress his pretrial statements on the basis that the *Miranda*-warnings given him by the Fort Lauderdale Police Department, Broward County, Florida were unconstitutional in that they failed to advise him that he had the right to have an attorney present *during* questioning. As a result, he argues, he did not knowingly and intelligently waive his constitutional rights under *Miranda*. Stancle's claim here is implicitly based upon the Florida Fourth District Court of Appeal's decision issued on May 26, 2004, in <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4th DCA 2004), *rev. denied sub nom*. <u>State v. West</u>, 892 So.2d 1014 (Fla. 2005) where the court found that the particular Broward County Sheriff's Office Miranda-warning utilized in that case, and the same used in this case,[12] was misleading and inadequate to fully inform a suspect of his constitutional right to counsel during interrogation. <u>Id</u>. In the state postconviction proceedings, Stancle expressly relied upon *Roberts*.

_____

[12]The subject *Miranda*-rights waiver form advised Stancle as follows:

1.    You have the right to remain silent.

2.    Anything you say can and will be used against you in a court of law.

3.    You have the right to the presence of an attorney, lawyer *prior* to any questioning.

4.    If you cannot afford an attorney lawyer, one will be appointed for you before any question if you so desire.

(emphasis added). <u>See</u> Transcript of Evidentiary hearing conducted on April 19, 2007, at 7. (DE# 12; Ex. 44). Immediately after he was advised of the above-listed rights, Stancle was asked if he understood each of his rights. <u>Id</u>.

17

After remand from the Florida Fourth District Court of Appeal, the trial court conducted extensive evidentiary proceedings on Stancle's claim presented in the Rule 3.850 motion. (DE# 12; Ex. 44). Stancle was represented by counsel during the proceedings, witnesses were presented, forceful arguments were made to the court, and memoranda of law were submitted. <u>Id</u>. After listening to the evidence presented at the hearings and after reviewing memoranda submitted by counsel, the trial court entered a well-reasoned written order, denying Stancle relief on the subject claim. <u>See</u> Order Denying Motion for Post Conviction Relief. (DE# 12; Ex. 34). The trial court reviewed the applicable *Strickland* standard and after analyzing the claim pursuant to the *Strickland* standard, the court found that trial counsel's performance had not been deficient, stating as follows:

> We now know, pursuant to *Roberts*, that the failure to warn a suspect that he not only had the right to counsel, but the right to have counsel present <u>during</u> questioning, can be fatal to the sufficiency of his *Miranda* warnings. The question then becomes whether or not the failure to  raise the specific issue constitutes ineffective assistance of counsel.
>
> This Court heard testimony from experts presented by both sides and finds that the specific issue was not commonly considered by members of the criminal defense bar at that time. In eliminating, as we must, "the distorting effects of hindsight" and considering counsel's "perspective at that time" (*Strickland*, supra) this Court finds that the lack of reference to this specific issue does not fall below an objective "standard of reasonableness... under [then] prevailing professional norms." <u>Strickland</u>, supra.
>
>         *         *         *
>
> [I]t has been clear for quite some time that trial counsel will not be held ineffective due to a failure to anticipate changes in our understanding of the law. The Florida Supreme Court has "consistently held that trial counsel cannot be held ineffective for failing to anticipate changes in the law."(citations omitted).
>
> For all these reasons, the Court finds no deficiency of

counsel herein.

(emphasis supplied). <u>Id</u>. at 1-2.

The trial court went on to find that Stancle had also failed to satisfy the second prong of *Strickland*, prejudice. <u>Id</u>. at 2. The court stated that the direct testimony of Officer Kelley, independent of Stancle's statement, would have been more than sufficient to sustain Stancle's convictions. <u>Id</u>. In a written opinion issued by the state appellate court, the appellate court affirmed the denial of postconviction relief. <u>See</u> <u>Stancle v. State</u>, 980 So.2d 619 (Fla. 4 DCA 2008). While the appellate court expressly declined to address the trial court's determination that Stancle failed to satisfy the first prong of *Strickland*, the appellate court went on to agree with the trial court's finding that there was a lack of proof on the part of Stancle that his counsel's failure to suppress his inculpatory statement resulted in prejudice, stating in pertinent part as follows:

> The inculpatory statement that Stancle's counsel failed to suppress acknowledged Stancle's possession of the firearm. However the evidence from the arresting officer, Officer Kenneth Kelley, clearly shows that Stancle's conviction was not dependent upon his inculpatory statement. Officer Kelley testified that he was driving a marked police car when he saw Stancle walking with another man. When his headlights hit the men, they turned their heads in Officer Kelley's direction. At that point, Stancle made a quick right turn and started walking between two buildings while the other man turned around and started walking in another direction. Kelley pulled his car parallel to Stancle on the street and turned his alley lights on. Once Kelley pulled up by Stancle, Stancle turned the corner, stopped, removed an object from his waistband, and threw it to the ground. He then started walking back in the direction away from Officer Kelley.
>
> Officer Kelley then asked Stancle to step over to his car. After a backup officer responded, Officer Kelley walked over and retrieved the object Stancle threw on the ground, which turned out to be a firearm. He retrieved the firearm within a matter of minutes and testified that he had maintained visual observation of the spot where the object was until he could

pick it up.

Based upon the testimony of Officer Kelley, Stancle cannot establish a reasonable probability that the result of the proceeding would have been different, but for counsel's failure to suppress the inculpatory statement. Therefore, Stancle cannot satisfy the second prong of *Strickland*.

Id. at 621-22.

For the reasons expressed by the state courts, Stancle has failed to demonstrate that he received ineffective assistance of trial counsel. See Strickland, supra. It is well settled that an attorney's failure to anticipate a change in the law cannot form the basis for a claim of ineffective assistance. United States v. Ardley, 273 F.3d 991, 993 (11 Cir. 2001); Funchess v. Wainwright, 772 F.2d 682, 691 (11 Cir. 1985). Stancle was interrogated on September 28, 2000, the trial proceedings commenced in March 2001, he was convicted and sentenced in April 2001, and his convictions became final on October 24, 2003, when the mandate issued following his direct appeal.[13] (DE# 12; Ex. 12). The opinion in *Roberts* issued on May 26, 2004, with rehearing denied July 2, 2004, nine months after the convictions became final in this case. Trial counsel cannot be faulted for failing to foresee that the standard rights waiver form then used would be invalidated approximately four years after the subject questioning and arrest.

Under *Strickland*, an attorney's performance is to be measured on reasonableness under prevailing professional norms. Strickland, 466 U.S. 688. Because counsel's failure to challenge the standard

---

[13]Under Florida law, a conviction becomes final upon issuance of the mandate following direct appeal. Jones v. State, 602 So.2d 606 (Fla. 1 DCA 1992); Hilbert v. State, 540 So.2d 227 (Fla. 1 DCA 1989). See also Beaty v. State, 701 So.2d 856 (Fla. 1997)(finding that, where a defendant's plenary appeal had been per curiam affirmed without written opinion or citation, the two-year period for purposes of filing a motion for postconviction relief began to run from the issuance of the district court's mandate, rather than from the Supreme Court's denial of discretionary review).

waiver form years before it was held to be deficient was reasonable under the professional norms prevailing at that time, it did not amount to constitutionally deficient representation for failing to raise the issue and for failing to preserve it for appellate review. See Anthony v. State, 980 So.2d 610 (Fla. 4 DCA 2008)(holding that trial counsel's failure to move to suppress defendant's statements to police on grounds of *Miranda* violation involved in *Roberts* decision was not ineffective assistance, because *Miranda* deficiency was not obvious and was subject of disagreement among appellate courts and judges).[14]

It is noted that there were no fingerprints or physical evidence or taped statement to admit as evidence in this case. The case, therefore, turned solely on the credibility of Stancle, who testified in his own defense at trial, and Officer Kelley. Either the jury believed the police officer's version of the events, including the police officer's testimony that Stancle admitted that the gun was his, or the jury believed Stancle's testimony which included his denial that he made any inculpatory statement to the officer. As was the prerogative of the jury, it rejected the

---

[14]It is noted that the Florida Supreme Court has recently held in State v. Powell, 998 So.2d 531 (Fla. September 29, 2008) that *Miranda*-warnings informing a defendant that he had the right to talk to a lawyer "before any questioning," and that he could use that right at any time during the interview, were insufficient to inform defendant of his right to have counsel present during questioning. *Powell* did not involve the Broward County Sheriff's Office Miranda-rights card, however, but the Tampa police standard police department form used during interrogation which did not explicitly indicate that a suspect had the right to have an attorney present during questioning. Id. Both the Florida Supreme Court and the United States Supreme Court have thus far declined to review cases ruling on the constitutionality of the Broward County Sheriff's Office's Miranda rights card. See Bross v. State, 898 So.2d 1027, 1027 n.2 (Fla. 4 DCA 2005), citing, Franklin v. State, 876 So.2d 607 (Fla. 4 DCA 2004)(noting that Miranda form used by Broward County Sheriff's Office was only one of ninety rights forms obtained from federal and state law enforcement agencies introduced in evidence that failed to indicate that the suspect could consult with a lawyer during questioning), cert. denied, 543 U.S. 1081 (2005). Moreover, the Florida courts have declined to make the *Roberts* decision retroactively applicable to cases on collateral review. See Ulcena v. State, 925 So.2d 346 (Fla. 4 DCA 2006).

defense presented and the testimony of Stancle, and instead believed Officer Kelly's testimony. This Court must defer to the jury's judgment as to the weight and credibility of the evidence. See Wilcox v. Ford, 813 F.2d 1140, 1143 (11 Cir. 1987). Under the circumstances of this case, where there was otherwise sufficient evidence to support the convictions, the prosecutor's statements were at worst no more than harmless error. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993), quoting, Kotteakos v. United States, 328 U.S. 750, 776 (1946)(a petitioner is entitled to federal habeas corpus relief only if the constitutional error from his trial had substantial and injurious effect or influence in determining the jury's verdict).[15]

This Court further points out that, even if trial counsel's performance could be deemed deficient for failing to challenge the subject waiver form on the basis now raised, under established federal and Florida law, Stancle suffered no prejudice for his failure to do so for alternate reasons than found by the state courts. The determinative question is whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. North Carolina v. Butler, 441 U.S. 369, 373 (1979); accord, Thomas v. State, 894 So.2d 126, 136 (Fla. 2004). In Miranda, the Supreme Court held, among other things, that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation." Miranda, 384 U.S. at 471, 86 S.Ct. at

---

[15]The Florida Supreme Court has recently held on January 30, 2009, that despite its earlier holding in State v. Powell, 998 So.2d 531 (Fla. 2008), and despite a finding that a defendant was provided with a defective Miranda-warning in that it failed to advise the defendant of his right to counsel during his custodial interrogation, the erroneous admission of a confession during trial remains subject to harmless-error review. Rigterink v. State, 2 So.3d 221 (Fla. 2009).

1626 (emphasis added). However, the Supreme Court "has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant[,]" so "no talismanic incantation [is] required to satisfy its strictures." California v. Prysock, 453 U.S. 355, 359 (1981). The inquiry is simply whether the warnings reasonably '"conve[y] to [a suspect] his rights as required by *Miranda*."' Duckworth v. Eagan, 492 U.S. 195, 203 (1989)(brackets in original)(quoting *Prysock*, 453 U.S. at 361). Thus, so long as the warning given to a defendant adequately fulfills *Miranda*'s substantive requirements, it is sufficient. Id. at 203. The Fifth Circuit Court of Appeals in a habeas corpus proceeding has rejected a similar claim and has found a warning similar to the one used in the instant case constitutionally sufficient pursuant to *Miranda*. See Bridgers v. Dretke, 431 F.3d 853 (5 Cir. 2005)(holding that state appellate court's conclusion that *Miranda* warnings given to defendant before custodial interrogation, which stated that defendant had right to presence of counsel prior to questioning but did not explicitly state that he had right to attorney during questioning, were adequate was not unreasonable application of clearly established federal law, as would warrant federal habeas relief), *cert. denied sub nom.*, Bridgers v. Quarterman, 548 U.S. 909 (2006).

Stancle was advised that he had the right to talk with a lawyer present before any questioning and that if he could not afford a lawyer, one would be appointed to represent him before any questioning, if he wished. See Transcript of evidentiary hearing conducted on April 19, 2007, at 7. (DE# 12; Ex. 44). Immediately after he was advised of his rights, as set forth *infra* in footnote 12, Stancle was asked if he understood each of his rights and he answered affirmatively and agreed to talk to the officer. Id. See also Trial Transcript at 33. (DE# 12; Ex. 42). After receiving all

23

of his rights, Stancle was willing to talk to the officer without an attorney present. Id. Under these circumstances, it is apparent that even if the wording of the rights waiver card was deficient, Stancle was still apprised of the substantive rights he possessed under *Miranda*, including his entitlement to have a lawyer present during questioning and that such statement could be used against him at trial. Stancle voluntarily waived his rights and agreed to speak to the police.

Since the *Miranda* warnings that were actually administered in this case were constitutionally adequate, Stancle cannot show that he was prejudiced when his lawyer failed to challenge the wording of the waiver form, because such an argument rightfully would have been unavailing. See Canete v. State, 921 So.2d 687 (Fla. 4 DCA)(although defendant was not apprised expressly that he had the right to have an attorney present "during" or "while" questioning, warning given contained the functional equivalent and was sufficient to convey this right to a person of ordinary intelligence and common understanding, therefore, motion to suppress rightfully denied), rev. denied, 944 So.2d 986 (Fla. November 20, 2006), citing, Duckworth v. Eagan, 492 U.S. 195, 203 (1989). It is well settled that there is no duty to raise issues which have little or no chance of success. See generally Chandler v. Moore, 240 F.3d 907, 917 (11 Cir. 2001)(counsel is not ineffective for failing to raise a non-meritorious objection); Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990)(holding that appellate counsel is not required to raise meritless issues). More specifically, federal law recognizes that "[c]ounsel cannot have been ineffective for failing to pursue ... a meritless suppression

motion."[16] <u>United States v. Stewart</u>, 388 F.3d 1079, 1085 (7 Cir. 2004). Defense counsel's performance was, therefore, not constitutionally ineffective with regard to the statements given by Stancle to the police. <u>See</u> <u>Strickland</u>, <u>supra</u>.

### (2) <u>Habitual Offender Sentencing</u>

Stancle alleges in a subclaim of ground two that his lawyer improperly failed to object on due process grounds to the stipulation of habitual offender sentencing notification. Stancle essentially maintains that the state's general notice of intent to seek a habitual felony offender sentence was a "shotgun" notice encompassing all sentencing schemes under Florida Statutes Section 775.084.[17] As a result, he contends that he had no notice of the precise sentencing enhancement being sought by the state.

---

[16]There is currently a split among the circuits with respect to whether the warning must explicitly provide that a suspect is entitled to the presence of counsel during interrogation. <u>See</u> <u>Bridgers v. Dretke</u>, 431 F.3d 853, 859 (5 Cir. 2005), <u>cert</u>. <u>denied</u>, 548 U.S. 909 (2006) . The Fifth Circuit, like the Sixth, Ninth, and Tenth Circuits, has interpreted <em>Miranda</em> to require a more explicit warning, indicating that a suspect is entitled to counsel during questioning. <u>Id</u>., <u>citing</u>, <u>Atwell v. United States</u>, 398 F.2d 507, 510 (5 Cir. 1968); <u>United States v. Tillman</u>, 963 F.2d 137, 140-42 (6 Cir. 1992); <u>United States v. Noti</u>, 731 F.2d 610, 615 (9 Cir. 1984); <u>United States v. Anthon</u>, 648 F.2d 669, 672-74 (10 Cir. 1981). On the other hand, the Second, Fourth, Seventh, and Eighth Circuits under various circumstances have held that warnings are adequate without explicitly stating that the right to counsel includes having counsel present during the interrogation. <u>Id</u>., <u>citing</u>, <u>United States v. Vanterpool</u>, 394 F.2d 697, 698-99 (2 Cir. 1968); <u>United States v. Frankson</u>, 83 F.3d 79, 81-82 (4 Cir. 1996); <u>cf</u>. <u>United States v. Adams</u>, 484 F.2d 357, 361-62 (7 Cir. 1973)(finding warning adequate but stating that warnings provided to suspects on the street are not expected to be as precise as those given at the police station); <u>United States v. Caldwell</u>, 954 F.2d 496, 500-04 (8 Cir. 1992)(finding no plain error when warning omitted right to counsel during interrogation).

[17]The notice of intent here states in relevant part as follows:

COMES NOW the State of Florida, by and through its undersigned Assistant State Attorney, and hereby requests this Honorable Court to declare the above-named Defendant to be an "Habitual Felony Offender", an "Habitual Violent Felony Offender", "A Three-Time Violent Felony Offender", or a "Violent Career Criminal", pursuant to Section 775.084, Florida Statutes.

(Notice of the State's Intent to Seek That the Court Declare the Defendant an Habitual Felony Offender, an Habitual Violent Felony Offender, A Three-Time Violent Felony Offender and/or a Violent Career Criminal)(DE# 12; Ex. 4).

As recognized by the state courts in the postconviction proceeding, this subclaim is implicitly based upon a Florida case which was decided subsequent to the time of trial and which held that the subject notice was in effect no notice at all in that it did not give the defendant any useful notice of what particular classification, and hence penalty, he may be subject to upon conviction. See Washington v. State, 2004 WL 1933114, 29 Fla. L. Weekly D2011 (Fla. 4 DCA September 1, 2004). After the court issued its opinion in *Washington*, the state filed a motion for rehearing. The Florida Fourth District Court of Appeal granted the state's motion and ultimately withdrew its previous opinion. See Washington v. State, 895 So.2d 1141 (Fla. 4 DCA 2005), *rev. den.*, 931 So. 2d 902 (Fla. 2006). In its substituted opinion, the court found that the now-challenged habitual offender notice was not, in fact, deficient and instead sufficiently provided a defendant with notice that he was subject to all sentencing schemes pursuant to Fla.Stat. §775.084 and notice that his entire criminal record would be placed at issue and he should prepare to refute any errors in that record (i.e., he was not the person convicted, he was not convicted of a certain offense, his conviction was vacated on appeal). Id. Thus, the court held that the "shotgun" notice, the same notice filed in the instant case, was lawful in that a defendant was given all the notice necessary to prepare for sentencing in his case. Id.

With this background of the relevant Florida caselaw in mind, it is apparent that Stancle's ineffective assistance of trial counsel claim is without merit. As stated above, trial counsel has no duty to raise issues which have little or no chance of success. See generally Chandler v. Moore, 240 F.3d at 917; Card v. Dugger, 911 F.2d at 1520. Stancle's underlying claim is clearly meritless pursuant to Florida law principles. He, therefore, has not suffered prejudice from the alleged deficiency. Consequently, counsel's

performance was not constitutionally ineffective, as alleged in this subclaim. See Strickland, supra.

### (3) Judgment of Acquittal

Stancle alleges in his other subclaim of ground two that he received ineffective assistance of trial counsel, because his lawyer failed to adequately argue a motion fo judgment of acquittal regarding the subject charges. Petitioner essentially claims that counsel's motion was merely "barebones." In Florida, the courts do not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974)(stating that "[w]here there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.") A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence admitted at trial, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Id.

The record reveals that after the state had rested, defense counsel moved for judgment of acquittal, arguing that the state had not met its burden in that it failed to prove that Stancle had constructive, or any, possession of the subject firearm. See Trial Transcript at 74. (DE# 12; Ex. 42). The trial court denied the motion. Id. The motion was renewed after the defense had rested its case, and the motion was again denied. Id. at 120. Even if defense

27

counsel's performance regarding the motion for judgment of acquittal could in any way be deemed deficient in that trial counsel did not raise the specific arguments now-asserted by Stancle in this federal proceeding, Stancle is not entitled to relief because he has failed to satisfy the prejudice-prong of *Strickland*. Based upon the evidence admitted at trial, as summarized throughout this Report, and applicable Florida law, Stancle was not entitled to a judgment of acquittal by the trial court. See <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>Smith v. White</u>, 815 F.2d 1401 (11 Cir. 1987).

### (4) <u>Suppression of Firearm</u>

Stancle claims in ground three that he received ineffective assistance of trial counsel, because his lawyer failed to seek the suppression of the firearm. The respondent first asserts that this claim is unexhausted and procedurally barred from federal habeas corpus review. Full review of the record reveals that the subject claim was intended to be raised by Stancle as ground four in an Amended Motion for Postconviction Relief allegedly executed on October 19, 2004, seven days after the initial motion had been executed. (Exhibit A to Stancle's Appendix to Initial Brief)(DE# 12; Ex. 18). The motion apparently was never received and/or filed with the trial court, however. See Broward County Circuit Court Clerk's Docket Sheet at 4. (DE# 12; Ex. 1). Consequently, the newly added claim was never addressed and disposed of by the state courts during the postconviction proceedings. The claim has, therefore, not been exhausted.

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11 Cir. 2008). <u>See also</u> <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11 Cir.

1999). The petitioner's unexhausted claim is now incapable of exhaustion at the state level and would be procedurally barred under Florida law, because Stancle cannot now pursue a second Rule 3.850 motion.[18] A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); Mize, 532 F.3d at 1190. "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Henderson v. Campbell, 353 F.3d 880, 892 (11 Cir. 2003)(quoting Wright v. Hopper, 169 F.3d 695, 703 (11 Cir. 1999)). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892.

For purposes of this federal habeas corpus proceeding, this Court will assume without deciding that Stancle was in some way prevented from pursuing the subject claim. While Stancle might be able to demonstrate cause for the default, he nonetheless cannot establish prejudice from the error complained of for the reasons expressed immediately below in the discussion of the claim on the

---

[18]Generally, Florida law bars successive Rule 3.850 motions. See Fla.R.Crim.P. 3.850(f). See also Moore v. State, 820 So.2d 199, 205 (Fla. 2002)(holding that a second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion). Further, any second Rule 3.850 would be untimely. In Florida, pursuant to Rule 3.850(b), no motion shall be filed or considered pursuant to the rule if filed more than two years after the judgment and sentence have become final. Fla.R.Crim.P. 3.850(b). See also Zeigler v. State, 632 So.2d 48, 50 (Fla. 1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994)(two-year time period for challenging a conviction commenced when the conviction alone became final, not when both the conviction and sentence became final); Kissel v. State, 757 So.2d 631 (Fla. 5 DCA 2000)(same).

merits. He, therefore, cannot overcome the procedural bar. <u>See</u>
<u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v.</u>
<u>Sykes</u>, 433 U.S. 72 (1977). Moreover, application of the bar is
appropriate in this case, because Stancle has not established that
a fundamental miscarriage of justice will result from application
of the bar. In other words, he has not shown that he is actually
innocent of the crimes for which he was convicted. <u>See</u> <u>House v.</u>
<u>Bell</u>, 547 U.S. 518 (2006) <u>See also</u> <u>Bousley v. United States</u>, 523
U.S. 614; <u>Schlup v. Delo</u>, 513 U.S. at 327-328. Stancle has failed
to meet the high standard of factual innocence, because he has come
forward with no new reliable evidence to support any claim of
actual innocence.

Even if the claim were not subject to a procedural bar,
Stancle would not be entitled to federal habeas corpus relief in
that the claim is meritless. No constitutional violation occurred
here given the fact that there was no legal basis upon which to
support a motion to suppress the firearm. The fact that defense
counsel failed to seek the suppression of the subject firearm
pursuant to the Fourth Amendment does not indicate that counsel's
performance was constitutionally ineffective in that review of the
state court record reveals that he would not have been successful.
The details of the subject incident and facts surrounding the
arrest can be found in the Offense Incident Report prepared and
executed by Officer Kelley the day following Stancle's arrest. <u>See</u>
Offense Incident Report)(Exhibit D to Appendix to Initial Brief;
DE# 12; Ex. 18). Officer Kelley stated in relevant part as follows
in the report:

> On 28 September 2000 at approximately 0335 hours I was on
> patrol in the are of Northwest 2 street between Northwest 9
> avenue and 11 avenue. I was driving a fully marked police car.
> This area is very well known for the street level sale of
> narcotics. As I was driving West on Northwest 2 Street, I

observed arrested Stancle and another black male walking West
on the North side of the road. As I approached and my
headlights hit the two subjects, both turned thier [sic] heads
in my direction. Upon looking in my direction, they quickly
split up. Stancle turned North and quickly walked into the
Dixie Court Apartment complex toward a building. The other
black male turned and started walking back East toward me.

I sped up and stopped in the roadway parrellell [sic] with
Stancle just as he round [sic] the corner of the building. I
turned my alley light on as Stancle stopped behind the
building. I observed Stancle reach into his waist band area
and drop a dark object to the ground from his right hand.
Stancle then started walking back toward 2 Street in a
Southwesterly direction. *Given the fact that it was 335 in the
morning, Stancle's actions when he observed me, the fact that
he walked to the rear of the building in the dark and the
known criminal activity of the area, I felt that his actions
were suspicious.* I called Stancle to me and asked him to place
his hands on my car. I kept my eye on the object as I quickly
patted Stancle down for weapons.

Officer R. Roper arrived and stood with Stancle. I walked over
and recovered the object which turned out to be a loaded .380
caliber semi-automatic handgun. I walked back over to Stancle
and handcuffed him. Stancle was transported to FLPD jail....

(emphasis added).


On the facts of this case, no constitutional violation
occurred. When considering the totality of the circumstances as it
appeared to the investigating officer at the time of the stop,
Officer Kelley had sufficient facts available to give rise to a
reasonable suspicion that Stancle had committed or was engaging in
criminal activity, justifying an investigative stop under Terry v.
Ohio, 392 U.S. 1, 21-23 (1968).[19] The officer next conducted an

---

[19]It is well-settled that police/citizen encounters fall within one of
three categories: (1) consensual encounters where an officer elicits a citizen's
voluntary cooperation which do not implicate the Fourth Amendment; (2)
investigative detentions which are Fourth Amendment seizures of limited scope and
duration and must be supported by a reasonable suspicion that a person has
committed or is committing a crime, the "Terry" stop; and (3) arrests, the most
intrusive of Fourth Amendment seizures and reasonable only if supported by
probable cause. See U.S. v. Santibanez Garcia, 132 F.Supp.2d 1338, 1341-45
(M.D.Fla. 2000) and cases cited therein. See also United States v.
Espinosa-Guerra, 805 F.2d 1502, 1506 (11 Cir. 1986)(identifying investigative

investigation by searching the area where he observed Stancle drop an object and he then found a loaded handgun, giving the officer probable cause to effectuate the arrest. Since the stop, arrest and seizure of the discovered firearm were proper, there was no lawful basis to seek the suppression of the firearm. See Wong Sun v. United States, 371 U.S. 407 (1963). Counsel has no duty to raise issues which have little or no chance of success. See generally, Chandler v. Moore, 240 F.3d at 917; Card v. Dugger, 911 F.2d at 1520. See also United States v. Stewart, 388 F.3d 1079, 1085 (7 Cir. 2004)(stating that federal law recognizes that "[c]ounsel cannot have been ineffective for failing to pursue ... a meritless suppression motion."). Further, as indicated above, after his arrest, Stancle voluntarily admitted to Officer Kelley that the subject firearm was his. Accordingly, Stancle suffered no prejudice when counsel failed to file a motion to suppress the firearm. Stancle has failed to demonstrate that he received ineffective assistance of counsel on this basis. Strickland, supra.

## C. *Miranda* violation

Stancle claims in ground four that he was denied his fundamental due process right to have counsel present during interrogation (i.e., the underlying claim of the above-discussed ineffective assistance of trial counsel claim raised here as ground two). The state asserts that this claim is unexhausted and procedurally barred from federal habeas corpus review. Review of the initial Rule 3.850 motion reveals that the claim was presented by Stancle to the trial court. See Motion for Postconviction Relief. (DE# 12; Ex. 13). He also pursued an appeal from the summary denial of his motion. The claim has, therefore, been

---

stops and full scale arrests among tiers of police-citizen encounters which implicate the Fourth Amendment). The law in Florida is the same. See Popple v. State, 626 So.2d 185, 186 (Fla. 1993)(identifying and defining the three levels of police-citizen encounters).

exhausted before the state courts. It does appear, however, that the state courts denied Stancle relief on this claim for procedural reasons. In the Rule 3.850 proceedings, the state asserted that the claim was procedurally barred in that it could have and should have been presented on direct appeal.[20] See State's Response to Defendant's Motion for Postconviction Relief at 5-6. (DE# 12; Ex. 15. The trial court denied the Rule 3.850 motion for the reasons asserted by the state. (DE# 12; Ex. 16). The appellate court in its initial written opinion affirmed the trial court's ruling as to this claim. See Stancle v. State, 917 So.2d 911 (Fla. 4 DCA 2005).

When a state court has applied a state procedural bar to a claim, that claim is likewise barred from federal habeas corpus review. Ylst v. Nunnemaker, 501 U.S. 797 (1991); Coleman v. Thompson, 501 U.S. 722, (1991); Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). If the last reasoned opinion on a claim explicitly imposes a procedural default, it is presumed that a later decision rejecting the claim did not silently disregard the procedural bar and consider the merits. Ylst v. Nunnemaker, supra; Harmon v. Barton, 894 F.2d 1268 (11 Cir. 1990). In this case, since the state courts expressly applied a procedural bar to this claim when it was first raised in Stancle's Rule 3.850 motion, and since the state appellate court affirmed that holding without opinion, this claim is also procedurally defaulted from federal consideration.

As stated above, to overcome a procedural bar, a petitioner must demonstrate objective cause for the failure to properly raise the claim and actual prejudice resulting from the error complained

---

[20]In Florida, issues which could be but are not raised on direct appeal or in an initial motion for postconviction relief may not be the subject of a subsequent Rule 3.850 motion for postconviction relief. Kennedy v. State, 547 F.2d 912 (Fla.1989); Fla.R.Crim.P. 3.850.

of. <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, <u>supra</u>. Stancle has come forward with nothing to attempt to satisfy the cause and prejudice requirement and he has failed to demonstrate that a fundamental miscarriage of justice will result from application of the bar. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518; <u>Bousley v. United States</u>, 523 U.S. 614; <u>Schlup v. Delo</u>, 513 U.S. at 327-328. Claim four of this petition is procedurally barred from consideration on the merits.

Even were that not so, it is apparent that Stancle cannot prevail on the merits of his claim which was based upon <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4 DCA 2004), *rev. denied sub nom.* <u>State v. West</u>, 892 So.2d 1014 (Fla. 2005). As is readily apparent, and indicated above in the discussion of the ineffective assistance of counsel claim raised in ground two, the opinion in *Roberts* was not issued until almost nine months after the convictions became final in this case. Florida courts have rejected attempts to have the holding of the *Roberts* case made retroactively applicable to ineffective assistance of counsel claims on collateral review:

> ...We are seeing a number of these appeals, in which the time has run for alleging ineffective assistance of counsel in failing to challenge a Miranda rights waiver. As is apparent from our opinion in *Roberts*, that decision involved nothing more than an application of <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 116 L.Ed.2d 694 (1966) to a confession. We can conceive of no circumstances under which *Roberts* could be the basis of a claim for post-conviction relief based on newly discovered evidence.
>
> As to appellant's claim that *Roberts* is retroactive, first *Roberts* did not change the law, and second, only decisions of the Florida Supreme Court or the United States Supreme Court can be retroactive in post-conviction proceedings. <u>Witt v. State</u>, 387 So.2d 922 (Fla. 1980).

<u>Ulcena v. State</u>, 925 So.2d 346 (Fla. 4 DCA 2006). Moreover, for the reasons stated above in the discussion of ground two, the claim is meritless since the *Miranda* warnings that were actually

administered in this case were constitutionally adequate.

VIII. <u>Conclusion</u>

It is therefore recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 30th day of April, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Rufus Stancle, <u>Pro</u> <u>Se</u>
     DC# 012300
     Everglades Correctional Institution
     P. O. Box 949000
     Miami, FL 33194-9000

     Jeanine M. Germanowicz, AAG
     Office of the Attorney General
     Department of Legal Affairs
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401